## UNION WAXED & PARCHMENT PAPER CO. v. SEVIGNE BREAD WRAPPER CO. et al.

### (Circuit Court, D. Vermont.  May 22, 1905.)

JUDGMENT—SUIT TO SET ASIDE FOR COLLUSION—ACTION BY ONE NOT A PARTY.
That defendants are exploiting a collusive decree adjudging the validity of a patent which is in fact invalid does not entitle a third person, not a party to such decree, nor bound thereby, to have the same set aside, after several terms of court have elapsed, and be admitted to defend the suit, nor to injunctive relief against such exploitation.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 856.]

In Equity.  On demurrer to bill.

Edward S. Beach, for plaintiff.
George Chandler Coit, for defendants.

WHEELER, District Judge.  The bill alleges in substance that the plaintiff, its customers, and the public had a plain pre-existing right, "in law and equity, to preserve bread by baking it in an oven heated to a high temperature, removing the bread therefrom, and allowing it to cool until it is at a temperature of about ninety de-

grees Fahrenheit, wrapping each loaf in a practically airtight and waterproof wrapper before the temperature of the bread is reduced to the normal temperature of the atmosphere, lapping the edges of the wrapper therearound, and securing it upon the bread," and also to make, use, and sell bread so inclosed; that a patent (No. 628,859, dated July 11, 1899) was granted to the defendant Sevigne for that method of preserving bread, of which the defendant Sevigne Bread Wrapper Company became the owner, and upon which brought a collusive suit in this court, and several terms ago obtained a decree adjudging the patent valid, by consent, although a valid and known defense of anticipation was then existing; that the defendants are exploiting the decree as an adjudication of the validity of the patent—and prays for a discovery, for an injunction against representing the decree to be valid, that the decree be annulled, and the plaintiff allowed to intervene in the suit and make defense.

That the decree, however collusive, cannot now be set aside, and a defense, however meritorious, be now allowed to be made by the same defendant or another, after so many terms of court without appeal, seems very plain. Hatfield v. King, 184 U. S. 162, 22 Sup. Ct. 477, 46 L. Ed. 481, much relied upon by the plaintiff for condemning collusive suits and decrees, was the same suit on appeal; and so was Hatfield v. King (C. C.) 131 Fed. 791, where the collusion was inquired into, the same suit on remand. All of those proceedings were in the progress of the cause, while this suit is wholly subsequent to and separate from the cause in which the decree was made. The decree here is a fact, such as it is, and apparently cannot be disturbed. The only plausible ground of complaint in respect to it by this plaintiff is that it was not what these defendants represent it to be, as an actual decree of the court. But whatever it might be represented to be, it could not be binding or conclusive as to any one but the parties to it, nor affect any other rights. The decree does not and could not hinder any one from practicing the right, which the bill alleges the plaintiff and all others had, notwithstanding the patent, to wrap bread in this manner. Exploiting it does not seem to be any such invasion of the plaintiff's rights as to involve preventive relief.

Demurrer sustained.